Michael B. Reynolds, SBN 174534
Jeffrey M. Singletary, SBN 233528
Snell & Wilmer LLP
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Tel: 714-427-7000
Fax: 7144277799
mreynolds@swlaw.com
jsingletary@swlaw.com

Attorneys for Debtor and Defendant
Charles Francis Gugliuzza, II

**FILED & ENTERED**

**JUN 29 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** firman    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>CHARLES FRANCIS GUGLIUZZA, II,<br><br>  Debtor.<br><br>FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES FRANCIS GUGLIUZZA II,<br><br>  Defendant. | Case No. 8:12-bk-22893-CB<br><br>Chapter 7<br><br>Adv. No. 8:13-ap-01078-CB<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING TRIAL AND RULE 52(C) MOTION BY DEFENDANT**<br><br>Trial Information<br>Date:    March 21, 2018<br>Time:    10:00 a.m.<br>Courtroom: 5D<br>Address:    411 West Fourth Street<br>        Santa Ana, CA 92701 |

This non-dischargeability proceeding came on for trial on March 21, 2018 at the above-stated time and date. The Court, having considered all of the evidence provided at trial by the Federal Trade Commission (the "FTC" and/or "Plaintiff"), and having considered the defendant Charles Francis Gugliuzza II's Motion for Judgment on Partial Findings, makes the following findings of fact and conclusions of law:

//

//

**Findings of Fact**

1. On or about November 10, 2009, the FTC brought suit against the Debtor, among others, in the United States District Court for the Central District of California (the "District Court") under Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), for engaging in "unfair or deceptive acts or practices in violation of Sections 5(a) of the FTC Act, 15 U.S.C. §§ 45(a)", commencing that case styled as *Federal Trade Commission v. Commerce Planet, et al.*, Case No. SA CV-09-01324 CJC (RNBx) (the "Enforcement Action").

2. On or about July 17, 2012, the District Court entered judgment against the Debtor for, among other things, $18,200,000 as a "restitution amount" (the "Enforcement Action Judgment").

3. The District Court's opinion accompanying the Enforcement Action Judgment is found in the Official Reports at 827 F.Supp.2d 1048 (C.D.Cal. 2012).

4. On or about November 7, 2012, the Debtor commenced this bankruptcy case by filing his voluntary Chapter 7 petition (the "Bankruptcy Case").

5. On or about February 19, 2013, the FTC timely filed this adversary proceeding seeking to determine the amount owed by Mr. Gugliuzza under the Enforcement Action Judgment to be declared a non-dischargeable debt in the amount of $18,200,000, plus applicable interest, under Section 523(a)(2)(A) of Title 11 of the United States Code (the "Bankruptcy Code").

6. On May 1, 2013, the FTC timely filed its proof of claim in the Bankruptcy Case, alleging a claim in the amount of $18.2 million based on the Enforcement Action Judgment.

7. Following the District Court's decision in *FTC v. Gugliuzza (In re Charles Francis Gugliuzza)*, 527 B.R. 370 (C.D.Cal. 2015), this adversary proceeding was remanded to this Bankruptcy Court for trial. The District Court found that Mr. Gugliuzza was collaterally estopped from litigating four of the five elements for non-dischargeable fraud under Section 523(a)(2)(A), specifically the elements of (1) misrepresentation; (2) knowledge; (3) justifiable reliance; and (4) losses or damages. *Id.*, at 527 B.R. at 375-378. The District Court found that Mr. Gugliuzza was not collaterally estopped from litigating one element – intent to deceive – and two defenses, advice of counsel and good faith. *Id.*, at 376.

8. Accordingly, trial was held on the issue of intent. Because of the rulings the Court makes here, Mr. Gugliuzza was not required to, and did not, put on his case-in-chief with respect to intent, advice of counsel or good faith.

9. The FTC submitted declaration testimony of the following witnesses: Michael Hill, Jose Guardiola, Aaron Gravitz, Christopher Seidel, Ryan Thompson, Jeffrey Conrad, Paul Huff, Andrew Chen, and David Foucar. The FTC submitted as direct testimony certain excerpts of testimony of Ethan Brooks from the Enforcement Action. The Court admitted this direct testimony into evidence, along with certain exhibits sought by the FTC to be admitted.

10. Oral trial testimony commenced on March 21, 2018, and continued on March 22, 2018, and April 17, 2018. The Court heard the cross-examination of witnesses Hill, Guardiola, Gravitz, Seidel, Thompson, Conrad, Huff, Chen and Foucar. The Court also heard oral testimony from the Debtor, called as an adverse witness by the FTC in its case-in-chief.

11. On or about March 14, 2018, the Debtor filed his motion under Rule 52(c) of the Federal Rules of Civil Procedure (the "Rules"), made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for judgment on partial findings (the "Rule 52(c) Motion"). The Debtor renewed the Rule 52(c) Motion on March 21, 2018, on March 22, 2018, April 17, 2018, and again on April 26, 2018, after the FTC had presented all of its evidence and rested its case.

12. The Court heard extensive oral argument on the Debtor's Rule 52(c) Motion, and has carefully considered the evidence submitted by the FTC in this adversary proceeding.

13. The evidence showed that Mr. Gugliuzza employed at least two attorneys to provide advice, including on compliance matters, and that, in general, he took their advice.

14. The evidence showed that Mr. Gugliuzza worked to reduce chargebacks.

15. The evidence showed that Mr. Gugliuzza gave instructions to refund monies to disgruntled customers.

16. The evidence showed that Mr. Gugliuzza's subordinates and co-workers did not believe he was seeking to mislead consumers.

17. There was not sufficient evidence proffered to find that Mr. Gugliuzza acted with fraudulent intent or with the intent to deceive consumers.

18. If a reckless indifference standard applies, there was not sufficient evidence proffered to find that Mr. Gugliuzza was recklessly indifferent as to whether he was deceiving consumers.

**Conclusions of Law**

1. To make a claim under Section 523(a)(2)(A), the FTC was required to prove (i) a misrepresentation, fraudulent omission, or deceptive conduct by the Debtor; (ii) the Debtor's knowledge of the falsity or deceptiveness of his conduct; (iii) the Debtor's intent to deceive; (iv) justifiable reliance by consumers on the Debtor's statement or conduct; and (v) consumers sustained the alleged loss and damages as the proximate result of the representations having been made. *In re Gugliuzza*, 527 B.R. 370, 375 (C.D. Cal. 2015) , *citing Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). All elements except intent to deceive were established against the Debtor by collateral estoppel. *Id.*, at 375-78.

2. The FTC bears the burden of proving the element of intent by a preponderance of the evidence. *In re Gugliuzza*, *supra*, 527 B.R. at 375.

3. Rule 52(c) authorizes this Court to enter judgment as a matter of law against a party after the party has been fully heard on an issue during a non-jury trial and the court finds against the party on that issue. In this proceeding, the FTC has rested and has been fully heard on the issue of intent.

4. In deciding whether to enter judgment on partial findings under Rule 52(c), this Court is not required to draw any inferences in favor of the non-moving party; rather this Court may make findings in accordance with its own view of the evidence. *Lee v. West Coast Life Ins. Co*., 688 F.3d 1004, 1009 (9th Cir. 2012) (*citing Ritchie v. United States*, 451 F.3d 1019, 1023 (9th Cir. 2006)).

5. This Court may enter judgment as a matter of law under Rule 52(c) with respect to the FTC's non-dischargeability claim where the claim cannot be maintained, as a matter of law, in the face of an unfavorable finding on an essential element of that claim. *Ritchie, supra*, 451 F.3d at 1023.

6. In this case, the FTC did not meet its burden of proving the essential element of intent by a preponderance of the evidence. Without a favorable finding on the issue of intent, the FTC cannot establish non-dischargeability under Code Section 523(a)(2)(A). Thus, it is appropriate to grant the Debtor's Rule 52(c) Motion. *In re Stearman*, 256 B.R. 788, 793 (9th Cir. BAP 2000) (affirming the

bankruptcy court's grant of the debtor's motion for judgment on partial findings based on a finding that the debtor lacked the intent to deceive).

###

Date: June 29, 2018

Catherine Bauer
United States Bankruptcy Judge